UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. TIDWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>C. VESTITO,<br><br>        Defendant. | No. 2:16-cv-2529 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 3.)

**I.    Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

**IV.     Plaintiff's Allegations**

Plaintiff is a state inmate housed at California Training Facility in Soledad, California. He names a single defendant, Casey Vestito, the court reporter during plaintiff's 2006 criminal trial.

Plaintiff's allegations may be fairly summarized as follows:

The victim testimony transcribed by defendant Vestito in Sacramento Superior Court Case No. 05-F8989, was incomplete, resulting in plaintiff's 2006 conviction and sentence. Through appeals of his state conviction and related habeas petitions, plaintiff has sought defendant's shorthand notes of the proceedings. These efforts proved unsuccessful.

Plaintiff brings a due process claim premised on defendant's omission during the transcribing process of key testimony from the victim. Plaintiff claims this omission resulted in plaintiff's erroneous conviction and sentence. He seeks injunctive relief in the form of a release of defendant's shorthand notes and any and all audio and/or video of the proceedings in question.

**V.     Discussion**

Plaintiff's claim is inappropriate under § 1983 since it appears he is challenging the fact of his incarceration. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If plaintiff seeks to make a collateral attack on his trial and imprisonment, the action should have been filed pursuant to 28 U.S.C. § 2254.

It appears, though, that plaintiff previously brought a habeas petition related to defendant's alleged omission of critical information concerning the victim's testimony. In a petition for writ of habeas corpus filed in this court, Tidwell v. Knipp, 2:11-cv-0489 JKS, plaintiff asserted a number of claims, including an ineffective assistance of counsel claim premised on the purportedly omitted portion of the victim's testimony. There, plaintiff also filed a motion to compel discovery seeking, inter alia, a copy of the court reporter's shorthand notes. Plaintiff's motion to compel was denied (Id. ECF No. 5). Additionally, his petition for writ of habeas corpus was denied after it was determined that, even if the alleged portion of the victim's testimony was omitted, that portion would only have supported plaintiff's guilty verdicts. Order Denying Pl.'s

3

Pet. for Writ of Habeas Corpus at 27-28 (Id. ECF No. 49). Plaintiff's motion for certificate of appealability was then denied by both the district court and the Ninth Circuit Court of Appeals. (Id. ECF Nos. 49, 59.)

Assuming here that plaintiff were to refile his complaint as a habeas petition, it is evident that plaintiff's claim is duplicative of that asserted and denied in Tidwell v. Knipp, 2:11-cv-0489 JKS. Any proposed petition would therefore constitute a second or successive petition seeking habeas relief.

Plaintiff is forewarned that the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to any petition filed after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. Felker v. Turpin, 116 S. Ct. 2333, 2336-37 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.1997).

////

////

**VI. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

3. This action is dismissed without leave to amend for failure to state a cognizable claim.

Dated: October 19, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/tidw2529.scrn