UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. TIDWELL,<br><br>        Plaintiff,<br><br>   v.<br><br>C. VESTITO,<br><br>        Defendant. | No. 2:16-cv-2529 DB<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis who filed a civil rights claim herein under 42 U.S.C. § 1983. On October 19, 2017, the undersigned issued an order dismissing plaintiff's complaint without leave to amend for failure to state a claim.[1] (ECF No. 6). The judgment was issued the same day as well (ECF No. 9), and the case was closed. On November 13, 2017, plaintiff filed a motion for reconsideration. (ECF No. 10).

////

////

---

[1] The court determined that plaintiff's claim that his due process rights had been violated when defendant, a court reporter, failed to include key testimony of the victim in the transcription process was inappropriately filed under Section 1983 because the claim challenged the fact and/or duration of his physical imprisonment and required a determination that he was entitled to either an immediate or speedier release. As such, the undersigned opined, plaintiff's sole federal remedy lay in a writ of habeas corpus. (See ECF No. 6 at 3).

1

Pursuant to jurisdictional requirements recently reiterated by the Ninth Circuit in <u>Williams v. King</u>, 875 F.3d 500 (9th Cir. 2017),[2] the undersigned will vacate its October 2017 order (ECF No. 6) in part to the extent that it dismisses plaintiff's complaint without leave to amend.[3] As a result, it will also vacate the resulting judgment (ECF No. 9) in its entirety. It will then order that a district judge be appointed to this case to review it. These actions will render plaintiff's motion for reconsideration (ECF No. 10) moot and enable plaintiff's complaint to be reviewed de novo by a district court judge. <u>See</u> 28 U.S.C. § 636(b)(1); <u>see</u> also <u>Webb v. Califano</u>, 468 F. Supp. 825, 828 (E.D. Cal. 1979) (stating district judge mandated to review de novo findings and recommendations of magistrate judge). Thereafter, for the reasons listed below, the undersigned will recommend that the court dismiss plaintiff's complaint without leave to amend for failure to state a claim.

**I.      Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." <u>Wilder v. Virginia Hosp. Ass'n.</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source

////

---

[2] In <u>Williams</u>, the Ninth Circuit reiterated the 28 U.S.C. § 636(c)(1) need for all-party consent to a magistrate judge presiding over a matter prior to the magistrate being able to issue dispositive motions in it. <u>Williams</u>, 875 F.3d at 504 (stating that plaintiff's consent alone is insufficient to satisfy Section 636(c)(1) jurisdictional requirement); <u>see also Tripati v. Rison</u>, 847 F.2d 548 (1988) (finding pursuant to 28 U.S.C. § 636(c)(1) magistrate has no authority to issue final judgment on motion unless matter has been referred to him or her by court and parties consent to have magistrate decide motion and enter judgment).

[3] Specifically, the parts of the October 2017 order that grant plaintiff in forma pauperis status and obligate him to pay the statutory filing fee (<u>see</u> ECF No. 6 at 5) will not be vacated and will remain in full force and effect.

of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell v. Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal quotation marks omitted). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff is a state inmate housed at the Correctional Training Facility in Soledad, California. In the complaint, he names a single defendant, Casey Vestito, the court reporter during plaintiff's 2006 criminal trial. (See ECF No. 1 at 1). Plaintiff's allegations are fairly summarized as follows:

The victim's testimony, transcribed by defendant Vestito in Sacramento Superior Court Case No. 05-F8989, was incomplete, resulting in plaintiff's 2006 conviction and sentence. Through appeals of his state conviction via direct and collateral review, plaintiff has sought defendant's shorthand notes of the proceedings. These efforts have proven unsuccessful. Plaintiff alleges that defendant's failure to release specific shorthand transcription notes to him from his trial violated his due process rights under the Fifth and Fourteenth Amendments and led to an "unjust verdict." (See id. at 2-9). Consequently, in the instant complaint, plaintiff asks the
////

3

court to order the defendant "to release a full and complete set of short hand [sic] notes," and he also asks for "the release of any and all audio and/or video in the case in question." (Id. at 9).

IV. **Discussion**

Plaintiff's claim is inappropriate under Section 1983 because it appears he is challenging the fact of his incarceration. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If plaintiff seeks to make a collateral attack on his trial and imprisonment, the action should be filed pursuant to 28 U.S.C. § 2254.

It appears, however, that plaintiff has already filed a habeas petition related to defendant's alleged omission of critical information concerning the victim's testimony. In July 2006, plaintiff was convicted of a number of crimes, one of which was "forcible rape" pursuant to California Penal Code § 261(a)(2). (See Tidwell v. Knipp, No. 2:11-cv-0489 JKS ("Tidwell 2011") ECF No. 11 at 1). He received a sentence of 151 years to life. (Id.). In a petition for writ of habeas corpus filed in this court in 2011, plaintiff, as a petitioner, asserted a number of claims, including an ineffective assistance of counsel claim premised on the purportedly omitted portion of the victim's testimony.[4] (See Tidwell 2011, ECF No. 11 at 10, 29-34). In that case, plaintiff also filed a motion to compel discovery seeking, inter alia, a copy of the court reporter's shorthand notes. (See Tidwell 2011, ECF No. 37 at 3). Plaintiff's motion to compel was denied. (Tidwell 2011, ECF No. 45). Thereafter, his petition for writ of habeas corpus was denied after it was determined: (1) that the lower court had found that no transcript pages had been omitted – the

---

[4] Specifically, on federal habeas appeal in 2011, plaintiff argued in relevant part: (1) that a portion of the trial transcript was missing, and (2) that the statement from the transcript pages that were missing was the victim stating that she had only consented to having sex with plaintiff because she was scared. (See Tidwell 2011, ECF No. 11 at 29-30).

Plaintiff went on to further assert that because California Penal Code § 261(a)(2) "[did] not weigh the issue of verbal consent induced by fear, but rather a[n] implied, non-verbal form of consent," and because the definition of "against [one's] will" in Black's Law Dictionary was defined as "without consent," given that the victim consented non-verbally to having sex with plaintiff, the act was not against the victim's will. (See Tidwell 2011, ECF No. 11 at 30).

defendant court reporter had clearly noted in the transcript that the page gap had been created "for block numbering purposes only," and (2) that even if the portion of the victim's testimony alleged to have been omitted had actually been included at trial, that portion would only have supported plaintiff's guilty verdicts. (See Tidwell 2011, ECF No. 49 at 27-28). Plaintiff was subsequently denied certificates of appealability by both the district court and the Ninth Circuit Court of Appeal. (See Tidwell 2011, ECF Nos. 49, 58, 59).

If plaintiff were to refile his complaint as a habeas petition, it is evident that the claim related to alleged missing transcript pages is duplicative of that asserted and denied in Tidwell 2011. (Compare ECF No. 1 at 2-9, with Tidwell 2011, ECF No. 11 at 10, 29-34). As a result, a newly filed habeas petition would constitute a second or successive petition.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to any petition filed after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 327 (1997). When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that: (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997). For these reasons, the undersigned

1 recommends that plaintiff's complaint be dismissed without leave to amend for failure to state a claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's October 19, 2017 order (ECF No. 6) is VACATED in part as follows:

   a. The dismissal of plaintiff's complaint therein without leave to amend is VACATED, and

   b. The grant of plaintiff's request to proceed in forma pauperis as well as plaintiff's resulting obligation to pay the statutory filing fee as directed therein are to remain in full force and effect;

2. The court's October 19, 2017 judgment (ECF No. 9) is VACATED in its entirety;

3. Plaintiff's motion for reconsideration filed November 13, 2017 (ECF No. 10) is DENIED as moot, and

4. The Clerk of Court is to randomly appoint a district court judge to preside over this matter.

IT IS FURTHER RECOMMENDED that plaintiff's complaint be dismissed without leave to amend for failure to state a cognizable claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: February 7, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS/PRISONER.CIVIL RIGHTS/tidw2529.vac.ord